UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QADIM H. ABDULLAH BEY, <br> L. A., <br><br> Plaintiffs, <br><br> v. <br><br> EVAN BERGMAN, <br> ANDREW HARSHA, <br> DAN KUZNIK, <br><br> Defendants. | No. 1:20-cv-00443-JPH-DML |

## ORDER TO SHOW CAUSE

Mr. Bey's complaint alleges that this Court has subject matter jurisdiction. The complaint alleges that Mr. Bey's daughter texted him that another individual was intimidating her and threatening to fight her at school. Mr. Bey attempted to notify the school principal but the school kept Mr. Bey waiting, and a fight occurred. Dkt. 1. Mr. Bey's daughter was suspended for the rest of the first semester and required to attend counseling sessions before returning for the second semester. *Id.*

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d

1

463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

It does not appear that this Court has jurisdiction to adjudicate the claims that Mr. Bey has presented. The Supreme Court has explained the two basic ways to establish subject matter jurisdiction as follows:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (internal citations and quotations omitted).

Mr. Bey fails to establish federal question jurisdiction. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the United States Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Mr. Bey claims he is suing for a violation of federal law under the "Treaty of Peace and Friendship of 1786-1787/1836, 18 U.S.C. § 241, and 18 U.S.C. § 242." Dkt. 1 at 2. However, none of the allegations are predicated on any Treaty of Peace and Friendship between the United States and Morocco. Furthermore, Sections 241 and 242 are criminal statutes and provide no cause of action to civil plaintiffs.

In addition, the Court cannot discern any federal claims from Mr. Bey's complaint. Although Mr. Bey asserts a claim for national origin discrimination, dkt. 1 at 5, the complaint does not allege any facts that support such claim. The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). Accordingly, there is no basis for the Court to exercise federal question jurisdiction under 28 U.S.C. § 1331.

Additionally, Mr. Bey fails to allege facts demonstrating that the Court has diversity of citizenship jurisdiction over any state-law claims he seeks to assert against Defendants. The complaint lists Indiana addresses for all the parties, and Mr. Bey pleads no facts suggesting that he is a citizen of a different nation or that he resides in a state other than Indiana. His purported

3

citizenship as an "Aboriginal Republic of North America, Xi Amaru Tribe-Moorish American, Morroco," dkt. 1 at 2, does not create diversity jurisdiction where all parties are domiciled in the same state. *See Bey v. Indiana*, 847 F.3d 559, 561 (7th Cir. 2017) ("[H]e may be a Moor but—we emphasize, in the hope of staving off future such frivolous litigation—he is not a sovereign citizen. He is a U.S. citizen . . . ."). Accordingly, there is no basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332.

Mr. Bey shall have through **April 20, 2020**, to file an amended complaint or otherwise show cause why this complaint should not be dismissed for lack of subject matter jurisdiction. In doing so, Mr. Bey must clearly identify the federal law giving rise to his claims. Failure to do so in the time allotted will result in the dismissal of this action without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 3/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QADIM H. ABDULLAH BEY
4201 Westbourne Drive
Indianapolis, IN 46205

L. A.
4201 Westbourne Drive
Indianapolis, IN 46205